IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ANTONIO REYSHAUN EVANS,<br><br>        Defendant. | Case No. 6:23-CR-02033<br><br><br>**BRIEF IN SUPPORT OF MOITON FOR JUDGMENT OF ACQUITTAL AND A NEW TRIAL** |

<u>Government Assertion of Attempt on Bruno's Life</u>

The Defendant was denied his due process right to a fair trial by the introduction of evidence and argument that lead the jury to believe he had ordered violence against a cooperating witness. The Defendant objected to the introduction of jailhouse messages he sent regarding a BBQ under Fed. R. of Evid. 404(b). Additionally the evidence that drived from a anonymous confidential source who interpreted the message to be a request to take Anthony Bruno's life.

"Under the Sixth Amendment, a defendant has the right to confront those who "bear testimony" against him. *Crawford v. Washington*, 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Therefore a witness may not give "testimony against a defendant" without appearing at trial, unless that witness is unavailable and the defendant had previously had an opportunity for cross-examination. *Melendez–Diaz v. Massachusetts*, —— U.S. ——, 129 S.Ct. 2527, 2531, 174 L.Ed.2d 314 (2009). Although the Court in Crawford declined to define the term "testimonial," it gave examples of documents that usually fall within the "core class of testimonial statements" covered by the Confrontation Clause, including "affidavits, custodial examinations, [and] prior testimony that the defendant was unable to cross-examine." Id. at 51–

52, 124 S.Ct. 1354 (internal quotation marks and citations omitted); see Melendez–Diaz, 129 S.Ct. at 2531." *United States v. Causevic*, 636 F.3d 998, 1002 (8th Cir. 2011).

The Government did not contest that Detective Isley gatherned information from a confidential source and this is what led him to believe that the message concerning the BBQ was a code for an attempt on Anthony Burno's life. Dectective Isley then relayed this message to Bruno and took steps showing Isley accepted the testimony of the Confidential source as true. This information that passed by the anonymous source was testimonial in nature and was conveyed to the jury through audio of Dective Isley confronting Mr. Evans. Through argument by the Government specifically in its closing and closing rebuttal. As well as by the testimony of Anthony Bruno who testified to hearsay within hearsay by relating the statements from Isley which originating from the confidential source. Thus, highly prejudicial testimonial evidence was allowed to be presented without the defense having opportunity to confront the witness.

Likewise the testimony of the confidential source was hearsay and inadmissible under Fed. R. Evid. 802 because it is the out of court statement of person who did not testify as well as being inadmissible as lay opinion evidence under Fed. R. Evid. 701.

"Our cases reveal certain requirements which must be met for other crimes evidence to be admissible under the rule: (1) a material issue on which other crimes evidence may be admissible has been raised, *e.g., United States v. Drury,* 582 F.2d 1181, 1184 (8th Cir.1978); *United States v. Maestas,* 554 F.2d 834, 837 (8th Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977); (2) the proffered evidence is relevant to that issue, *ibid.;* (3) the evidence of the other crimes is clear and convincing, *e.g., United States v. Cobb,* 588 F.2d 607, 612 (8th Cir.1978)…We also find that the evidence of other acts was clear and convincing. To meet the clear and convincing standard, the proffered evidence cannot be admitted if it is of vague and

uncertain character. United States v. Clemons, 503 F.2d 486, 490 (8th Cir.1974). Furthermore, the prior conduct cannot be equally consistent with an innocent explanation. Id. " *United States v. Gustafson*, 728 F.2d 1078, 1082-83 (8th Cir. 1984)

The jailhouse message was allowed in as evidence of an attempt on Anthony Bruno's life. However, the Government did not present clear and convincing evidence that an attempt on Bruno's life occurred. The messages itself was vague uncertain and equally consistent with an innocent explanation. The opinion of the anonymous source of the meaning of the message is likewise unreliable because it is an opinion without any known basis. No evidence of any actions taken in response itself were provided. Rather the reactions of Detective Isley to his conversations with the anonymous source were used as evidence of the meaning of the message. This does not rise to the level of clear and convincing evidence and therefor the evidence regarding allegations of an attempt on Anthony Bruno's life should not have been admitted.

For these reasons the evidence presented regarding an attempt on Anthony Bruno's life was inadmissible.

<u>Prior Conviction</u>

The Defendant was denied his due process right to fair trial when despite stipulating to being prohibited from possessing a firearm the Government emphasized the Defendant's previous drug conviction for a purpose prohibited under Fed. R. Evid. 404(b)(1).

Rule 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act ... to prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character." Fed. R. Evid. 404(b)(1); see also United States v. Cotton, 823 F.3d 430, 433 (8th Cir. 2016) ("Evidence of a defendant's prior convictions is categorically inadmissible to prove the defendant's criminal propensity."). The evidence here was allowed in under the theory that it would prove something other than Mr. Evans character if it is material, such as a person's knowledge, motive, or intent. Fed. R. Evid. 404(b)(2) . United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006).

As the evidence came it was used for the prohibited propensity purpose during the Government's case in chief and closing argument. The motive under the Government's theory was financial gain. This is not a motive that is made more probable by a prior conviction. Likewise intent was never raised as a material issue as required. Mr. Evans knowledge was an issue but his prior conviction was not material as knowledge was raised to the existence and of narcotics within his vehicle and as to Mr. Bruno's transactions. The prior conviction was therefore not probative and should have been excluded. Prejudice resulted and the Court should Grant Mr. Evans a new trial.

<u>The Verdict is Against the Weight of the Evidence</u>

The Court should order a new trial because the verdicts go against the weight of the evidence.

"The decision whether to grant a new trial lies within the sound discretion of the district court." Brown v. Cox, 286 F.3d 1040, 1046 (8th Cir.2002). A new trial is justified if the verdict is "against the great weight of the evidence," Butler v. French, 83 F.3d 942, 944 (8th Cir.1996), and a new trial should be granted only where it is necessary to prevent a miscarriage of justice. Bass, 150 F.3d at 845; McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir.1994).

"In determining whether a verdict is against the weight of the evidence, the trial court can ... weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir.1992) (quotation marks omitted). "The court should reject a jury's verdict only where, after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred." Ryan v. McDonough Power Equip., Inc., 734 F.2d 385, 387 (8th Cir.1984)

The Government's case as to Count 2 relied on heavily on the testimony of Anthony Bruno, who provided those narcotics to law enforcement and testified that it had originated from Mr. Evans. The Court should rely on its determination as to the unreliability of Mr. Bruno's testimony and find that verdict there was against the weight of evidence.

The Government's case as to Count 1 relied on the testimony of James Anderson and Anthony Bruno. During trial they both testified to being conspirators together while Mr. Anderson was misleading police. During that period Mr. Bruno testified he was engaged in separate drug conspiracies. Both men testified to engaging with Mr. Evans in legal business transactions and to being unreliable with police before arrest. This combined with inconsistencies in their testimony means that the Jury's verdict to Count 1 was proved beyond a reasonable doubt goes against the weight of the evidence.

Counts 4, 5, and 6 were based on the discovery of evidence inside the vehicle being driven by Mr. Evans on April 18, 2023. Detective Isley and Anthony Bruno testified that that Bruno had alerted Isley of the likelihood that drugs would be stored in a hidden compartment in Mr. Evans vehicle. That Bruno had sold at least one vehicle to Mr. Evans and that Mr. Bruno performed work on the interior of vehicles he sold. This combined with Mr. Bruno's unreliability

in following directions of law enforcement and his motivation to push culpability onto another

created reasonable doubt. For these reasons, the verdicts went against the weight of the evidence.

And, the court should enter such relief and is deems appropriate.

| | |
|---|---|
| The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all of the parties, or upon pro se parties, to the above-entitled cause by:<br><br>_ U.S. Mail<br>_ Fax<br>_ Hand Delivered<br>_ Overnight Courier<br>X CM-ECF<br><br>/s/*Charlie Paul* (Date) 2/8/2024 | Respectfully submitted,<br>*/s/ Charles D. Paul*<br>Charles D. Paul, AT0014293<br>NIDEY ERDAHL MEIER & ARAGUÁS, PLC<br>425 2nd Street SE, Suite 1000<br>Cedar Rapids, IA 52401<br>Tele: 319-369-0000<br>Fax: 319-369-6972<br>cpaul@eiowalaw.com<br>**ATTORNEY FOR DEFENDANT** |