IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CR-02033-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTONIO RAYSHAUN EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S MOTION FOR
HEARING TO A JURY AND DENIAL OF PRIOR CONVICTION**

The Court should deny defendant's motion to have a jury decide whether

defendant has a qualifying 21 U.S.C. § 851 conviction because defendant has waived

or forfeited his argument regarding a Section 851 jury instruction.

**TABLE OF CONTENTS**

I.  BACKGROUND ................................................................................................ 1
II.  ANALYSIS ................................................................................................ 10
III.  CONCLUSION ................................................................................................ 12

## I.  BACKGROUND

On May 17, 2023, a grand jury returned an indictment charging defendant

with one count of possession with intent to distribute controlled substances, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).  (Doc. 3.)

On September 20, 2023, the grand jury returned a superseding indictment

charging defendant with conspiracy to distribute controlled substances, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 846, and 851

1

(Count 1);  possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 851 (Count 2); distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851 (Count 3); distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851 (Count 4); possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851 (Count 5); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 6); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  (Doc. 30.)

On September 28, 2023, defendant filed a motion in limine, seeking in pertinent part to exclude evidence of his prior convictions.  (Doc. 41; Doc. 41-1, at 3-7.)

On October 4, 2023, the grand jury returned a second superseding indictment (Doc. 58), which (1) changed the beginning date of the conspiracy charged in Count 1; (2) added cocaine base and corrected the penalty code section in Count 2; and (3) revised the caption of Count 6 from "possession of a firearm" to "carrying a firearm" and omitted the word "use" from the text of Count 6 (Doc. 59).

On October 5, 2023, the government filed an information pursuant to 21 U.S.C. § 851, informing the Court and defendant "of its intent to seek enhanced penalties against defendant in the event defendant is convicted of Counts 1, 2, 3, 4, and/or 5 of the Second Superseding Indictment" related to defendant's 2015 conviction of possession of a controlled substance with intent to deliver and being a

2

second offender and habitual offender and drug tax stamp violation and being a

habitual offender. (Doc. 62, at 1-2.)

On October 6, 2023, the government filed a resistance to defendant's motion

in limine, arguing in pertinent part that evidence of defendant's 2015 drug

conviction is admissible because the government must prove that the 2015

conviction is a "serious drug felony" pursuant to 21 U.S.C. § 851, or, in the

alternative, under Federal Rule of Evidence 404(b)(2), or, if defendant testifies,

under Federal Rule of Evidence 609(a)(1)(B). (Doc. 65, at 3-6.)

On January 9, 2024, the Court entered an order, granting-in-part,

denying-in-part, and holding in abeyance-in-part defendant's September 28, 2023

motion in limine. (Doc. 87.) As to the government's argument that evidence of

defendant's 2015 conviction is admissible under 21 U.S.C. § 851, the Court stated:

> Section 851 sets forth procedures to establish prior convictions for the purpose of increased punishment under the statute. *See* 21 U.S.C. § 851. The section requires a notice, or an "information," to be filed by the government prior to trial or entry of a guilty plea that "stat[es] in writing the previous convictions to be relied upon." *Id.* § 851(a)(1). If such notice is given, as it was here, the Court is required "after conviction but before pronouncement of sentence [to] inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information" and to "inform [defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* § 851(b).
>
> If a defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," the defendant is required to "file a written response to the information." *Id.* § 851(c)(1). Likewise, if a defendant claims that "a conviction alleged in the information was obtained in violation of the [United States] Constitution," the defendant "shall set forth his claim, and the factual basis therefor, with particularity" in the response. *Id.* §

3

851(c)(2). Failure to file a response, in effect, constitutes affirmation of the sentencing enhancement based on the prior conviction alleged in the information. *See id.* §§ 851(b), (c)(2), (d)(1) ("If the person files no response to the information, . . . the court shall proceed to impose sentence upon him as provided by this part.").

In the event defendant files a response, the Court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment," and that "hearing shall be before the court without a jury and either party may introduce evidence." *Id.* § 851(c)(1) (emphasis added). At that hearing, the government has "the burden of proof beyond a reasonable doubt on any issue of fact," except for challenges to convictions on the basis that they were "obtained in violation of the Constitution of the United States" in which case the defendant has "the burden of proof by a preponderance of the evidence on any issue of fact raised" in his or her response to the information. *Id.* §§ 851(c)(1), 851(c)(2).

To suggest, as the government does, that it is for the jury to determine whether defendant has qualifying offenses runs contrary to the plain language of the statue. *See United States v. Lee*, NO. 7:18-CR-153-FL-1, 2021 WL 640028, at *4-5 (E.D. N.C. Feb. 18, 2021) (finding that having a jury decide whether an offender has a qualifying conviction under Section 851 is contrary to the plain language of the statute). As another court stated, "Congress could have scarcely been clearer." *United States v. Fitch*, Cause No. 1:19-CR-30-HAB, 2022 WL 1165000, at *1 (N.D. Ind. Apr. 19, 2022). *See also United States v. Pope*, Case No. 3:20-cr-795, 2022 WL 2439774, at *4 (N.D. Ohio July 5, 2022) (rejecting a defendant's request for a jury instruction to have it decide whether the defendant had a qualifying offense under Section 851). It also runs contrary to the United State Supreme Court's decision in *Apprendi*, in which the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

The Court is aware that the First Step Act changed the substantive components of the definition of a qualifying prior conviction, without mentioning the procedural requirements of Section 851. Before the First Step Act, Section 841's enhancement required a "prior conviction for a felony drug offense," defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic

4

steroids, or depressant or stimulant substances." *See* 21 U.S.C. §§ 841(b)(1)(A), 802(44) (2016). Now, after the First Step Act, Section 841 requires a "prior conviction for a serious drug felony," defined as an offense in Title 18, United States Code, Section 924(e) for which the "offender served a term of imprisonment of more than 12 months" and for which the offender was "release[d] from any term of imprisonment . . . within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57); *see* First Step of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5520-21 (codified as amended at 21 U.S.C. §§ 802(57), 841(b)(1)). Nothing in the First Step Act, however, stated that the change in definition now requires a jury to determine whether a prior conviction qualifies under Section 851. Thus, one could only argue that the insertion of the new factors about the nature of the defendant's incarceration and the time of release amended Section 851 by implication, creating factual decisions that only a jury can make.

But Congress does not change explicit statutory language by implication. *See Waterfront Comm'n of N.Y. Harbor v. Elizabeth-Newark Shipping, Inc.*, 164 F.3d 177, 183 (3d Cir. 1998) ("[I]t is doubtful that the legislatures would have, by means of a supplementary definition[,] . . . undertaken, *sub silentio*, to render a separate definition in another section of the statute superfluous.") (emphasis in original). And the Eighth Circuit Court of Appeals has rejected the theory that Congress amended Section 841 by implication through the First Step Act. *See United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) ("[W]hile the [First Step Act] reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute." (citing 21 U.S.C. §§ 802(13), 841(a), 851)). In short, the plain language of Section 851 remains in effect, and it explicitly states that it is for courts to decide—not juries—whether an offender has a qualifying offense under Section 851.

The Court is aware that one district court has found that the First Step Act somehow created a Sixth Amendment right for a jury to decide whether an offender has a qualifying offense. *See United States v. Delpriore*, Case No. 3:18-cr-00136-SLG-MMS, 2023 WL 4735031 (D. Alaska Mar. 20, 2023). With respect, though, that decision is an outlier and ignores the plain text of Section 851. It was also decided by a district court in a circuit that has not already found, like the Eighth Circuit has found, that the First Step Act did not amend the structure and procedure for Section 841(b)(1)(A) enhancements.

Another district court previously found that the question of whether an offender had a qualifying offense under Section 851 was a matter for the jury to decide. *See United States v. Fields*, 435 F. Supp. 3d 761 (E.D. Ky. 2020). Consistent with its ruling, the district court judge then submitted the issue to the jury at trial, which found the defendant's prior conviction did qualify under Section 851. On appeal, the Sixth Circuit Court of Appeals disagreed with the district court, holding that the First Step Act did not remove the decision from the court, although it held that the statute did not prohibit the district court from sending the question to the jury. *United States v. Fields*, 53 F.4th 1027, 1039-43 (6th Cir. 2022). Again, with respect, this Court disagrees. Section 851 explicitly states that a court, not a jury, is to decide this issue.

Last, the posture of this case is unique, in some ways, from the other cases addressing this issue. In each of the other reported decisions, the defendant either alone, or with the government, argued in favor of having the jury decide whether a prior conviction qualified under Section 851. Here, defendant opposes the jury learning of his prior conviction under any circumstance.

Thus, the Court finds that the government has no right to present evidence to the jury of defendant's prior convictions under the theory that it must do so to obtain the enhanced sentence under Section 851.

(Doc. 87, at 6-10.)  The Court, however, found that defendant's 2015 conviction was admissible under 404(b) and, in the event defendant testified, under Rule 609. (Doc. 87, at 10-15.)

On January 10, 2024, the grand jury returned a third superseding indictment (Doc. 91), which (1) removed all drugs other than methamphetamine from Count 1, and (2) removed the charge that was Count 2 in the second superseding indictment (Doc. 92).

On that same date, the parties filed "joint proposed jury instructions," which included proposed instructions regarding the Section 851 enhancement.  (Doc. 88.)

6

In Government Proposed Instruction No. 23A, the government proposed an instruction that stated in pertinent part,

> If you find the defendant guilty of the offense charged in Count 1, you must determine (1) whether defendant served a term of imprisonment of more than 12 months for his prior conviction for possession of a controlled substance with intent to deliver and being a second offender and habitual offender and drug tax stamp violation and being a habitual offender; and (2) whether defendant was released from that term of imprisonment within 15 years of the commencement of the offense in Count 1.

(Doc. 88, at 37.)  In Defense Proposed Instruction No. 23B, defendant proposed an instruction that stated in pertinent part,

> Now that you have found the defendant guilty of the offense charged in Count 1, you must determine (1) whether defendant served a term of imprisonment of more than 12 months for his prior conviction for possession of a controlled substance with intent to deliver and being a second offender and habitual offender and drug tax stamp violation and being a habitual offender; and (2) whether defendant was released from that term of imprisonment within 15 years of the commencement of the offense in Count 1.

(Doc. 88, at 38.)  In the jury instructions filed by the parties, defendant also proposed a buyer/seller instruction as well as a separate conspiracy instruction. (Doc. 88, at 54-56.)

On January 12, 2024, the Court entered an order on its proposed jury instructions, and it ordered the parties to "file any objections with the Clerk of Court **by no later than January 17, 2024, at 5:00 p.m.**  Objections not timely made will be deemed waived."  (Doc. 97 (emphasis in original); Doc. 97-1.)  The Court's proposed jury instructions were silent on the Section 851 enhancement in accord with its ruling on defendant's motion in limine, and the Court's proposed

7

jury instructions did not include a buyer/seller instruction or a separate conspiracy instruction.  (Doc. 87, at 6-10; Doc. 97-1.)

On January 16, 2024, the parties had a final pretrial conference.  (Doc. 156.) At the hearing, the Court stated,

> The parties submitted to the Court proposed jury instructions. We have been through those jury instructions, and we have submitted to the parties the Court's proposed set of jury instructions.  Your deadline for responding to the Court's proposed instructions hasn't passed yet, but I—if the parties want to talk about the jury instructions, I'm happy to talk about—with the parties about them today.
>
> [* * *]
>
> Mr. Paul, anything you'd like to talk about regarding jury instructions at this point?

(Doc. 156, at 4-5.)   In response, defense counsel stated in pertinent part, "No, Your Honor."  (Doc. 156, at 5.)

On January 16, 2024, the government filed an amended information pursuant to 21 U.S.C. § 851, informing the Court and defendant "of its intention to seek enhanced penalties against defendant in the event defendant is convicted of Counts 1, 2, 3, and/or 4 of the Third Superseding Indictment" related to defendant's 2015 drug conviction.  (Doc. 99, at 1.)

Prior to January 17, 2024, the government filed a written objection to the Court's proposed jury instructions, notifying the Court that the parties had entered into an *Old Chief* stipulation.  (Doc. 102.)  Defendant did not file a written objection to the Court's proposed jury instructions.

This matter proceeded to trial on January 23, 2024.  (Doc. 114.)  During a discussion in advance of jury selection the morning of the first day of trial, the Court and the parties had the following conversation:

> The parties submitted to the Court proposed jury instructions. We provided the parties with our court proposed jury instructions. We gave the parties an opportunity to lodge any objections. I think there was a correction made on the stipulation that the parties had reached regarding the defendant's status as a felon, and we made that change.
>
> This would be the time for any final objections to the Court's first 30 instructions that I plan on providing to the jury before we begin opening statements today.
>
> Any objection from the government, Mr. Edwards?
>
> MR. EDWARDS: Not to the first 30, Your Honor.
>
> THE COURT: All right. Mr. Paul?
>
> MR. PAUL: No, Your Honor.

(Doc. 157, at 2.)

Toward the end of the day on January 24, 2024, after the government had rested, the Court asked the parties whether they had any objection to "the Court's revised final instructions."  (Doc. 134, at 231-32.)  The government had "no objections to the as-amended final instructions," and defendant renewed his request for "separate conspiracies and buyer/seller instruction."  (Doc. 134, at 232-33.)  The Court denied defendant's motions for a separate conspiracies instruction and a buyer/seller instruction, and it asked defense counsel, "Mr. Paul, any other record you want to make regarding the final instructions?"  (Doc. 134, at 234-35.)  Defense counsel responded, "No, Your Honor."  (Doc. 134, at 236.)

9

On January 26, 2024, a jury returned a verdict finding defendant guilty of all the crimes charged in the third superseding indictment (Doc. 127.)

On February 8, 2024, defendant filed motions for judgment of acquittal and a new trial. (Doc. 128; Doc. 128-1.) In his motions, defendant did not challenge the jury instructions or the lack of an instruction on the Section 851 enhancement. (Doc. 128; Doc. 128-1.) The government filed a resistance (Doc. 138), and the Court denied defendant's motions (Doc. 143.)

On July 10, 2024, defendant filed the instant motion to have a jury decide whether defendant has a qualifying 21 U.S.C. § 851 conviction. (Doc. 152.) In the same filing, defendant denied the information alleging the 21 U.S.C. § 851 enhancement. (Doc. 152.)

## II. ANALYSIS

Defendant has waived his argument that the jury should have found whether he has a qualifying Section 851 conviction. A waiver is "'the intentional relinquishment or abandonment of a known right[.]'" *United States v. Chavarria-Ortiz*, 828 F.3d 668, 670-71 (8th Cir. 2016) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "To show a waiver, the government must point to action by the defendant or defense counsel that establishes an intentional relinquishment or abandonment of the right." *Id.*, at 671.

Here, defendant intentionally abandoned his request for a jury instruction on the Section 851 enhancement. Defendant and the government each initially proposed a separate instruction on the qualifying Section 851 enhancement;

10

however, the Court did not include any instruction on the Section 851 enhancement in the Court's proposed jury instructions. The Court then gave the parties five days to file written objections to the Court's proposed jury instructions, explicitly warning the parties that "[o]bjections not timely made will be deemed waived." Defendant did not file any written objections. The Court also asked defense counsel whether he had any objection to jury instructions on three different occasions — at the final pretrial conference, before jury selection, and before providing final instructions to the jury. At no point did defendant object to the instructions and ask for the Court to instruct the jury on the Section 851 enhancement. As such, since defendant intentionally abandoned his request, defendant's argument is waived and the Court should deny his motion.

Even if the Court finds that he has not waived his argument, defendant certainly has forfeited it. "[F]orfeiture is 'the failure to make the timely assertion of a right.'" *Chavarria-Ortiz*, 828 F.3d at 671 (quoting *Olano*, 507 U.S. at 733). "Preserving an error for review requires a defendant to make a timely objection that clearly states the grounds." *United States v. Thurber*, 106 F.4th 814, 830 (8th Cir. 2024); Fed. R. Crim. P. 30(d). As discussed above, defendant did not object to the Court's failure to instruct the jury on the Section 851 enhancement, and he therefore forfeited the argument he now raises in his motion and the Court should deny it.

11

## III. CONCLUSION

For the reasons stated above, the United States respectfully requests the

Court deny defendant's motion.

Respectfully submitted,

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/   mas

TIMOTHY T. DUAX
United States Attorney

By: */s/ Dillan Edwards*

DILLAN EDWARDS
Assistant United States Attorney
111 7th Street, SE Box 1
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
Dillan.Edwards@usdoj.gov

12