# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 23-CR-2033 CJW-MAR |
| Plaintiff, | | |
| vs. | | **ORDER** |
| ANTONIO RAYSHAUN EVANS, | | |
| Defendant. | | |

_____

## I. *INTRODUCTION*

This matter is before the Court on defendant's Renewed Motion for Hearing to a Jury and Denial of Prior Conviction, filed on July 10, 2024. (Doc. 152). On July 31, 2024, the government resisted defendant's motion. (Doc. 158). Defendant timely replied. (Doc. 161). For the following reasons, the Court **grants** defendant's motion.

## II. *RELEVANT BACKGROUND*

On May 17, 2023, a grand jury indicted defendant on one count of possession with intent to distribute controlled substances. (Doc. 2). After issuing a Superseding Indictment and Second Superseding Indictment on September 20, 2023, and October 4, 2023, respectively (Docs. 29 & 57), on January 10, 2024, the grand jury returned a Third Superseding Indictment charging defendant with six counts. (Doc. 90). Count 1 charged defendant with conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; Counts 2 and 3 charged defendant with distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); Count 4 charged defendant with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); Count 5 charged defendant with carrying a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1); and Count 6

charged defendant with possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1).  (*Id.*).

On September, 28, 2023, defendant filed a motion in limine which, among other things, sought a pretrial order barring the government from offering evidence of defendant's prior convictions, arguing they were inadmissible under Federal Rules of Evidence 401, 403 and 404(b).  (Doc. 41-1, at 3-7).  Defendant did not assert in his motion a constitutional claim that the jury must decide whether his prior conviction qualifies as a predicate offense under Title 21, United States Code, Section 851.

On October 5, 2023, the government filed an information under Section 851 informing defendant and the Court of the government's intent to seek enhanced penalties against defendant, should he be convicted of Counts 1, 2, 3, 4, and/or 5 of the Second Superseding Indictment, in relation to a 2015 conviction for possession of a controlled substance with intent to deliver and being a second offender and habitual offender and drug tax stamp violation and being a habitual offender.  (Doc. 62).

On October 6, 2023, the government filed a resistance to defendant's motion in limine, arguing in pertinent part that defendant's 2015 drug conviction was admissible because the government must prove it was a "serious drug felony" under Title 21, United States Code, Section 851, or alternatively that evidence of the conviction was admissible under Federal Rule of Evidence 404(b), or if defendant testified, under Federal Rule of Evidence 609(a)(1)(B).  (Doc. 65, at 3-6).  Defendant did not file a reply or otherwise directly respond to the government's argument on the Section 851 issue.  Nor did defendant move for a jury decision on the issue in a bifurcated proceeding.

On January 9, 2024, the Court entered an order on the parties' motions in limine. (Doc. 87).  In pertinent part addressing the Section 851 issue, the Court stated:

> Section 851 sets forth procedures to establish prior convictions for the purpose of increased punishment under the statute.  *See* 21 U.S.C. § 851.  The section requires a notice, or an "information," to be filed by the government prior to trial or entry of a guilty plea that "stat[es] in writing

2

the previous convictions to be relied upon." *Id.* § 851(a)(1). If such notice is given, as it was here, the Court is required "after conviction but before pronouncement of sentence [to] inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information" and to "inform [defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* § 851(b).

If a defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," the defendant is required to "file a written response to the information." *Id.* § 851(c)(1). Likewise, if a defendant claims that "a conviction alleged in the information was obtained in violation of the [United States] Constitution," the defendant "shall set forth his claim, and the factual basis therefor, with particularity" in the response. *Id.* § 851(c)(2). Failure to file a response, in effect, constitutes affirmation of the sentencing enhancement based on the prior conviction alleged in the information. *See id.* §§ 851(b), (c)(2), (d)(1) ("If the person files no response to the information, . . . the court shall proceed to impose sentence upon him as provided by this part.").

In the event defendant files a response, the Court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment," and that "hearing shall be before the court <u>without a jury</u> and either party may introduce evidence." *Id.* § 851(c)(1) (emphasis added). At that hearing, the government has "the burden of proof beyond a reasonable doubt on any issue of fact," except for challenges to convictions on the basis that they were "obtained in violation of the Constitution of the United States" in which case the defendant has "the burden of proof by a preponderance of the evidence on any issue of fact raised" in his or her response to the information. *Id.* §§ 851(c)(1), 851(c)(2).

To suggest, as the government does, that it is for the jury to determine whether defendant has qualifying offenses runs contrary to the plain language of the statue. *See United States v. Lee*, NO. 7:18-CR-153-FL-1, 2021 WL 640028, at *4-5 (E.D. N.C. Feb. 18, 2021) (finding that having a jury decide whether an offender has a qualifying conviction under Section 851 is contrary to the plain language of the statute). As another court stated, "Congress could have scarcely been clearer." *United States v. Fitch*, Cause No. 1:19-CR-30-HAB, 2022 WL 1165000, at *1 (N.D. Ind. Apr. 19, 2022). *See also United States v. Pope*, Case No. 3:20-cr-795, 2022 WL 2439774, at *4 (N.D. Ohio July 5, 2022) (rejecting a defendant's

3

request for a jury instruction to have it decide whether the defendant had a qualifying offense under Section 851).  It also runs contrary to the United State Supreme Court's decision in *Apprendi*, in which the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

The Court is aware that the First Step Act changed the substantive components of the definition of a qualifying prior conviction, without mentioning the procedural requirements of Section 851.  Before the First Step Act, Section 841's enhancement required a "prior conviction for a felony drug offense," defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  *See* 21 U.S.C. §§ 841(b)(1)(A), 802(44) (2016).  Now, after the First Step Act, Section 841 requires a "prior conviction for a serious drug felony," defined as an offense in Title 18, United States Code, Section 924(e) for which the "offender served a term of imprisonment of more than 12 months" and for which the offender was "release[d] from any term of imprisonment . . . within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57); *see* First Step of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5520-21 (codified as amended at 21 U.S.C. §§ 802(57), 841(b)(1)).  Nothing in the First Step Act, however, stated that the change in definition now requires a jury to determine whether a prior conviction qualifies under Section 851.  Thus, one could only argue that the insertion of the new factors about the nature of the defendant's incarceration and the time of release amended Section 851 by implication, creating factual decisions that only a jury can make.

But Congress does not change explicit statutory language by implication.  *See Waterfront Comm'n of N.Y. Harbor v. Elizabeth-Newark Shipping, Inc.*, 164 F.3d 177, 183 (3d Cir. 1998) ("[I]t is doubtful that the legislatures would have, by means of a supplementary definition[,] . . . undertaken, *sub silentio*, to render a separate definition in another section of the statute superfluous.") (emphasis in original).  And the Eighth Circuit Court of Appeals has rejected the theory that Congress amended Section 841 by implication through the First Step Act.  *See United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) ("[W]hile the [First Step Act] reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute."

4

(citing 21 U.S.C. §§ 802(13), 841(a), 851)).  In short, the plain language of Section 851 remains in effect, and it explicitly states that it is for courts to decide—not juries—whether an offender has a qualifying offense under Section 851.

The Court is aware that one district court has found that the First Step Act somehow created a Sixth Amendment right for a jury to decide whether an offender has a qualifying offense.  *See United States v. Delpriore*, Case No. 3:18-cr-00136-SLGMMS, 2023 WL 4735031 (D. Alaska Mar. 20, 2023).  With respect, though, that decision is an outlier and ignores the plain text of Section 851.  It was also decided by a district court in a circuit that has not already found, like the Eighth Circuit has found, that the First Step Act did not amend the structure and procedure for Section 841(b)(1)(A) enhancements.

Another district court previously found that the question of whether an offender had a qualifying offense under Section 851 was a matter for the jury to decide.  *See United States v. Fields*, 435 F. Supp. 3d 761 (E.D. Ky. 2020).  Consistent with its ruling, the district court judge then submitted the issue to the jury at trial, which found the defendant's prior conviction did qualify under Section 851.  On appeal, the Sixth Circuit Court of Appeals disagreed with the district court, holding that the First Step Act did not remove the decision from the court, although it held that the statute did not prohibit the district court from sending the question to the jury.  *United States v. Fields*, 53 F.4th 1027, 1039-43 (6th Cir. 2022).  Again, with respect, this Court disagrees. Section 851 explicitly states that a court, not a jury, is to decide this issue.

Last, the posture of this case is unique, in some ways, from the other cases addressing this issue.  In each of the other reported decisions, the defendant either alone, or with the government, argued in favor of having the jury decide whether a prior conviction qualified under Section 851. Here, defendant opposes the jury learning of his prior conviction under any circumstance.

Thus, the Court finds that the government has no right to present evidence to the jury of defendant's prior convictions under the theory that it must do so to obtain the enhanced sentence under Section 851.  If that were the only ground for the government's resistance to defendant's motion on this ground, the Court would grant defendant's motion.  But that is not the government's only ground.

(*Id.*, at 6-10) (alterations in original).[1]  The Court then went on to find the conviction

---

[1] Of course, as will be discussed, the Supreme Court later reached a different conclusion about

admissible under Rule 404(b) and, if defendant testified, under Rule 609. (*Id.*, at 10-14).

On January 10, 2024, the parties submitted "joint" proposed jury instructions, which included proposed jury instructions that would have the jury make the Section 851 enhancement decision. (Doc. 88). The government suggested the jury make the determination as part of its initial findings, while defendant sought a bifurcated proceeding whereby the jury would make the finding only if and when the jury first found defendant guilty of the substantive offense. (*Id.*, at 37-38). In his proposed instruction (No. 23B), defendant did not provide legal authority or explain the basis for seeking a jury determination of the issue. (*Id.*, at 38).

On January 12, 2024, the Court entered an order on its proposed instructions in which it omitted any jury instructions that would have the jury make a finding on whether defendant's prior conviction qualified as a Section 851 predicate offense. (Docs. 97 & 97-1). The Court gave the parties a deadline for filing objections to the Court's proposed instructions. (Doc. 97). Defendant did not file any objections to the Court's proposed instructions.

On January 16, 2024, the Court held a final pretrial conference. (Doc. 156). At the conference, defendant declined the Court's invitation to discuss the Court's proposed jury instructions. (*Id.*, at 4-5).

On January 22, 2024, the case came on for trial. (Doc. 114). On the morning of trial, the Court again raised the issue of jury instructions, giving the parties an opportunity to make any further record on the first 30 jury instructions. (Doc. 157, at 2). Defendant stated he had no objections to the Court's instructions. (*Id.*). The Court read those jury instructions to the jury before opening statements. Defendant made no objection after the reading of the instructions.

---

a jury's role in determining whether a prior conviction qualifies under Section 851 in the recent case of *Erlinger v. United States*, 144 S. Ct. 1840 (2024).

On January 24, 2024, at the end of the day and after the government had rested its case, the Court again brought up the issue of jury instructions. (Doc. 134, at 231-32). The government asked the parties if they had any objection to the Court's final jury instructions. (*Id.*). Defendant had none as to the Section 851 issue. (*Id.*, at 232-33; 235-36).

On January 25, 2024, after four days of trial, the jury found defendant guilty on all six counts of the Third Superseding Indictment. (Docs. 114; 115; 116; 125; 127).

On February 8, 2024, defendant moved for acquittal and new trial, which this Court subsequently denied. (Docs. 128 & 143). In his motion, defendant did not raise the Section 851 issue.

### III.   DISCUSSION

Defendant requests the Court set a jury trial to decide whether his prior conviction qualifies for the imposition of enhanced penalties under Title 21, United States Code, Section 851. (Doc. 152, at 1). Citing the Supreme Court's recent decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024), defendant asserts he is entitled to have the jury determine whether the enhancement applies to that conviction, and thus, whether an increased mandatory minimum applies under Title 18, Untied States Code, Section 841(b)(1)(A). (*Id.*). Defendant asserts that contrary to the government's argument, he did not waive or forfeit his right to a bifurcated jury trial pertaining to whether his prior convictions qualify as predicate offenses for a Section 851 enhancement. (Doc. 161).

The government resists, arguing defendant has waived or forfeited his argument. (Doc. 158). Specifically, the government argues that defendant intentionally abandoned his request for a jury determination of whether his prior conviction qualified under Section 851 after the Court provided the parties with its proposed jury instructions that did not include such a jury instruction. (Doc. 158, at 10-11). Alternatively, the government argues defendant forfeited the issue by failing to make a timely assertion of the right to have the jury determine the question. (*Id.*, at 11). Defendant disagrees,

7

arguing that the government does not, and cannot, argue after *Erlinger* that this Court can still decide whether his prior conviction qualifies as a predicate offense because the Supreme Court has firmly stated that is a decision for the jury. (Doc. 161, at 1). Defendant argues that he preserved the issue by initially requesting a jury finding in a bifurcated trial and that he did not further need to object to the Court's denial of that request. (*Id.*, at 1-4). Ultimately, defendant argues the Court should exercise its discretion in the interests of justice by holding a jury trial to determine whether defendant's prior conviction qualifies as a predicate offense under Section 851. (*Id.*, at 4).

"A waiver . . . is the intentional relinquishment or abandonment of a known right, whereas forfeiture is the failure to make the timely assertion of a right." *United States v. Chavarria-Ortiz*, 828 F.3d 668, 670-71 (8th Cir. 2016) (cleaned up). "When there is no objection at trial to the lack of an instruction, . . . the objection is forfeited." *United States v. Rodriguez*, 984 F.3d 704, 710 (8th Cir. 2021) (cleaned up). *But see United States v. Olson*, 22 F.3d 783, 786 (8th Cir. 1994) (finding party "waived any objection on appeal" when the party failed to object to jury instructions and verdict form and thus "acquiesced in the . . . instructions").

Federal Rule of Criminal Procedure 30 governs the issuance of and objections to jury instructions. Rule 30(a) allows the parties an opportunity to request jury instructions. Rule 30(b) requires the Court to inform the parties before closing arguments as to how it intends to instruct the jury. Rule 30(c) governs the timing of when a court instructs the jury. Rule 30(d) states:

> A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. An opportunity must be given to object out of the jury's hearing and, on request, out of the jury's presence. Failure to object in accordance with

this rule precludes appellate review, except as permitted under Rule 52(b).[2]

From Rule 30(d), it becomes clear that requesting a jury instruction is not the same thing as objecting to the instructions the Court intends to provide the jury. By proposing an instruction, a party in theory preserves a claim by informing the district court of the action it seeks and giving the district court an opportunity to rule on the matter. But when a court acts on the request, a party must still object to that action to preserve error unless the party is given no opportunity to object. *See* Fed. R. Crim. P. 51(b) ("A party may preserve a claim of error by informing the court . . . of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party."). The "mere tender of an alternative instruction" that avoids an alleged error in the district court's instruction "does not preserve the error for appeal" unless the party specifies the alleged error as a basis for objecting to the district court's instruction. *United States v. Weckman*, 982 F.3d 1167, 1175 (8th Cir. 2020) (internal quotation omitted). *See also United States v. Steele*, 550 F.3d 693, 703 (8th Cir. 2008) (holding that the defendant's description of an instruction as "seem[ing] inconsistent with congressional purpose" was too general to bring into focus the objection that he raised on appeal).

Here, defendant never directly raised the claim that the Constitution required a jury to decide whether his prior conviction qualified as a predicate offense under Section 851. Thus, to the extent defendant captions his present motion as a "Renewed Motion for Hearing to a Jury and Denial of Prior Conviction," it is inaccurate. Only the government raised that issue, and defendant did not address the government's argument or brief the issue in response. At most, defendant proposed a jury instruction that would have required the jury decide the issue in a bifurcated proceeding. But in proposing that

_____

[2] Rule 52(b) provides for plain error review.

instruction, defendant provided no authority or argument. When the Court rejected that proposed instruction, defendant failed to object to the Court's proposed instructions despite several opportunities to do so. Thus, the Court finds defendant forfeited his claim that the Court should have presented the Section 851 issue for a jury decision.

That does not end the analysis, however, because the question the Court must answer now is whether forfeiting the issue prevents this Court from granting defendant's motion. When a party is deemed to have forfeited an issue, it is then reviewed for plain error. In other words, even though defendant forfeited the issue, if the Court's decision was clearly wrong then he may nevertheless be entitled to relief. "To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error that is clear or obvious under current law, that affected the party's substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruzicka*, 988 F.3d 997, 1008 (8th Cir. 2021) (internal quotation marks omitted). To show that an error affected his substantial rights, a party must show a reasonable probability that the outcome of the proceeding would have been different but for the error. *See United States v. Coleman*, 961 F.3d 1024, 1028 (8th Cir. 2020) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

Here, defendant asserts a constitutional right to have a jury determine whether his prior conviction qualifies as a predicate offense under Section 851. The Supreme Court has ruled that defendant is correct, and this Court clearly erred when it rejected the premise that a jury must decide the Section 851 issue. The right to a jury trial is a substantial Constitutional right that affects the fairness, integrity and public reputation of a judicial proceeding. *See United States v. Fleck*, 431 F.3d 883, 896 (8th Cir. 2005) (explaining that an appellate court may notice a forfeited plain error which affects substantial rights only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings") (citing *United States v. Pirani*, 406 F.3d 543, 549–50 (8th Cir. 2005) (en banc)). Less clear is whether defendant can show that the outcome

10

would be different if a jury decided the issue instead of this Court.  But because defendant has moved for relief before this Court has decided the issue, there is no way for defendant to show the outcome would be different.  The procedural posture of this case is simply unique and different from the typical posture in which plain error analysis is performed. In short, the Court finds that it clearly erred in failing to have a jury decide whether defendant's prior conviction qualifies as a predicate offense under Section 851, and there is no reason at this procedural stage of the case not to have a jury decide the issue when that remedy is available.

## IV.    CONCLUSION

For these reasons, the Court **grants** defendant's motion.  (Doc. 152).  By separate order the Court will schedule this matter for a jury trial to determine whether defendant's prior conviction qualifies as a predicate offense under Section 851.

**IT IS SO ORDERED** this 11th day of September, 2024.

_____

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

11