IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 23-2033-CJW-MAR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTONIO EVANS, | ) | |
| | ) | GOVERNMENT'S |
| Defendant. | ) | SUPPLEMENTAL BRIEF |

In response to the Court's order for supplemental briefing, the government

states as follows:

## I. THE COURT HAS AUTHORITY TO SUBMIT TO THE JURY THE TWO FACTUAL ISSUES REGARDING DEFENDANT'S SERIOUS DRUG FELONIES

The First Step Act requires the government to prove two additional facts

regarding prior serious drug felonies under 21 U.S.C. § 841: (1) whether a

defendant "served a term of imprisonment of more than 12 months" for a prior

conviction; and (2) whether a defendant's "release from any term of imprisonment

was within 15 years of the commencement of the instant offense." 21 U.S.C.

§ 802(57). The First Step Act did not amend the language of 21 U.S.C. § 851.

In *Erlinger v. United States*, 602 U.S. 821 (2024), the Supreme Court

held that the Fifth and Sixth Amendments require a jury—not a judge—to find

beyond a reasonable doubt that at least three of a defendant's predicate offenses

under the Armed Career Criminal Act were "committed on occasions different from

one another," as required by 18 U.S.C. § 924(e)(1). *Id.* at 835, 849.

1

In this case, the Court cited *People v. Banks*, 218 N.Y.S.3d 519, 2024 WL 4128665 (New York County, 2024), where the court found that New York Criminal Procedure Law § 400.15(7)(a) was unconstitutional under *Erlinger. Id.* at 528. The statute in *Banks* provided that a hearing to determine whether a prior conviction occurred more than ten years before the commission of the charged offense "must be before the court without jury." N.Y. CPL § 400.15(7)(a). The court rejected the state's argument that the court could impanel a jury to decide this issue, stating that the New York statutory scheme "expressly forbids this approach." 218 N.Y.S.3d at 527-28. The court stated:

> Under the statute, that hearing "must be before the court without jury" (CPL 400.15[7][a]). That being so, when contested facts beyond the fact of a prior conviction—here, facts pertaining to tolling—are at issue and must be found, CPL 400.15(7)(a) is, under *Erlinger* and the Sixth Amendment, plainly unconstitutional as applied.

*Id.* at 528 (footnote omitted).

In contrast, the procedure in 21 U.S.C. § 851 does not encompass the resolution of any term-of-imprisonment-related questions.[1] Section 851 sets forth a process for the district court to determine the "facts regarding prior convictions," including whether the defendant "has been previously convicted as alleged in the information," whether an alleged conviction "is invalid," or whether a conviction would not subject a defendant "to an increased sentence as a matter of law." 21 U.S.C. §§ 851(a)(1), 851(b), 851(d)(2). Section 851 does not encompass questions

---

[1] Some of these arguments are based on the government's briefing in *United States v. Fields*, 53 F.4th 1027 (6th Cir. 2022). The government recognizes that the Sixth Circuit disagreed with some of its arguments.

about the characteristics of the sentence a defendant served as a result of a prior conviction. The section's heading refers to "Proceedings to establish prior convictions," not to proceedings to establish the period of imprisonment the defendant served or other consequences that resulted from the conviction. 21 U.S.C. § 851; *see Almendarez-Torres v. United States*, 523 U.S. 224, 234 ("'[T]he title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute." (quoting *Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528-29 (1947))).

In *United States v. Fields*, 53 F.4th 1027 (6th Cir. 2022), the court disagreed with the government's argument that § 851's text was limited to questions involving the validity of previous convictions:

> The government picks out portions of § 851 that mention the validity of convictions but omits parts of the statute using broader language, in particular § 851(c)(1), the main sub-section Fields relies on. Section 851(c)(1) provides that "[i]f the person denies *any allegation* of the information of prior conviction," he must file a written response. 21 U.S.C. § 851(c)(1) (emphasis added). "Any allegation" is broad. The subsection adds that the court "shall hold a hearing to determine *any issues raised by the response* which would except the person from increased punishment." *Id.* (emphasis added). Had Congress sought to limit § 851 to challenges involving the validity or existence of convictions, it could have said so here. "[A]ny issues" is far broader. *See, e.g., id.* (stating that the government will have the burden of proof on "*any issue* of fact" in the § 851(c) hearing (emphasis added)). Section 851(c)(1) also expressly contemplates that the hearing may encompass facts beyond the mere fact of conviction. It states that the government's "failure" to "include . . . *any facts in addition to the convictions to be relied upon*" will not invalidate the § 851 notice. *Id.* (emphasis added). If the § 851 hearing is focused only on the existence of a conviction, why reference "facts in addition to the conviction"? *See, e.g.,* [*United States v.*] *Lee,* [No. 7:18-CR-153-FL-1,] 2021 WL 640028, at *5 [(E.D.N.C. Feb. 18, 2021)] (citing these portions of § 851 and concluding that its scope "encompasses a variety of subsidiary findings necessary to define or qualify [a] prior conviction").

3

> Section 851(c)(1) refers to a "hearing to determine any issues raised by the [defendant's] response which would except the [defendant] from increased punishment." If a defendant has not served over a year in prison or was released more than fifteen years before the present offense, those facts "except [him] from increased punishment." If raised, they fit within § 851's scope.

*Id.* at 1040.

The portions of § 851(c)(1) that the *Fields* court emphasized involved the § 851 information, response, and hearing. These included (1) "any allegation" in the information of prior conviction, (2) "any issues raised by the response" to the information, (3) the government's burden of proof at the § 851 hearing on "any issue of fact," and (4) the failure of the government to include in the information the defendant's complete criminal record or "any facts in addition to the convictions to be relied upon," which would not constitute grounds for invalidating the notice in the information.

Here, defendant did not file a response to the § 851 information. However, he captioned his filing at docket 152 as a "RENEWED MOTION FOR HEARING TO A JURY AND DENIAL OF PRIOR CONVICTION"; he stated that "through counsel objections to the Government's filing of the alleged previous conviction contained in the third superseding indictment filed at docket 91 pursuant to 21 U.S.C. 851 and denies that objection."; and he "renews his motion that the questions regarding the alleged previous conviction's validity and application of the increased mandatory minimum under 18 U.S.C. 841(b)(1)(A) be tried to a jury" under *Erlinger*. (R. Doc. 152.) This filing did not reference the information or the provisions of

4

§ 851(c); rather, it referenced the third superseding indictment and requested a jury trial regarding the prior conviction.

In *Fields*, the defendant argued that the two additional facts should not be presented to a jury:

> Fields's entire argument hinges on the language in § 851(c)(1) describing the § 851 hearing, emphasizing that § 851(c)(1)'s exclusion of the jury from this hearing necessarily means that the court must decide the Sixth-Amendment-implicating facts that he discusses here. But the scope of the § 851(c)(1) hearing—and, by logical extension, the scope of the purported obligation for the judge (and not the jury) to decide such facts under Fields's argument—is itself defined by what issues a defendant raises in his written response to the § 851 notice. If a defendant does not raise factual objections to the § 851 notice in a written response, there will be no factual issues to resolve in the § 851 hearing, and thus no obligation, even under Fields's argument, for the judge to decide those facts. *See* 21 U.S.C. § 851(c)(1) (describing hearing as applying to resolve "any issues raised by the [defendant's] response which would except the [defendant] from increased punishment" (emphasis added)); *see also United States v. Espinal*, 634 F.3d 655, 664 (2d Cir. 2011) ("While § 851(c)(1) requires the government to prove contested facts relating to the prior felony beyond a reasonable doubt, that burden is triggered only where the defendant . . . submits a written response raising a factual issue.").

*Id.* at 1041-42 n.5.

In *Fields*, the court eventually relied on the doctrine of constitutional avoidance:

> But when a "statute is susceptible of 'two plausible . . . constructions,' one of which 'would raise a multitude of constitutional problems, the other should prevail.'" *United States v. Erpenbeck*, 682 F.3d 472, 476 (6th Cir. 2012) (quoting *Clark v. Martinez*, 543 U.S. 371, 380-81, 125 S. Ct. 716, 160 L.Ed.2d 734 (2005)).

*Id.* at 1042. It explained that Fields' argument created both a constitutional avoidance problem and an implied repeal problem:

> There is another problem with Fields's argument. Federal Rule of Criminal Procedure 23(a) states that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless" the defendant and government waive the jury trial in writing and the court approves. Fed. R. Crim. P. 23(a). The committee notes make clear that this rule aims to codify the requirements of the Sixth Amendment. Fed. R. Crim. P. 23(a) advisory committee's note 1 to 1944 adoption. Rule 23(a) became effective in 1946, while § 851 was enacted in 1970. *See* Fed. R. Crim. P. historical note; Controlled Substances Act, Pub. L. No. 91-513 § 411, 84 Stat. 1242, 1269 (1970). Absent a "clear and manifest" intent, we generally disfavor implied repeals of earlier statutes by later ones, *Rodriguez v. United States*, 480 U.S. 522, 524, 107 S. Ct. 1391, 94 L.Ed.2d 533 (1987) (internal quotation marks omitted); *Beckert v. Our Lady of Angels Apartments, Inc.*, 192 F.3d 601, 606 (6th Cir. 1999), and that principle applies to implied repeals of Federal Rules as well, *Callihan v. Schneider*, 178 F.3d 800, 802-03 (6th Cir. 1999); *Zedner v. United States*, 547 U.S. 489, 507, 126 S. Ct. 1976, 164 L.Ed.2d 749 (2006); *United States v. Borden Co.*, 308 U.S. 188, 198, 60 S. Ct. 182, 84 L.Ed. 181 (1939) ("It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible. The intention of the legislature to repeal 'must be clear and manifest.'" (citations and internal quotation marks omitted)). But the practical import of Fields's argument is that § 851 impliedly repeals Rule 23(a)'s requirement to have a jury trial on any issues implicating the Sixth Amendment. So, Fields's argument that § 851 forbids or invalidates the procedure employed here creates a constitutional-avoidance and an "implied-repeal" problem. When statutes are ambiguous, we avoid reading them to create constitutional problems, and in general, we avoid readings that treat a subsequent statute as impliedly repealing a prior statute (or Federal Rule). Fields's reading would do both.

*Id.* at 1042-43 n.6.

*Fields* was decided before *Erlinger*. In *Erlinger*, where the sentencing court determined that it could make the different occasions finding under the Armed Career Criminal Act, the Court stated that "the sentencing court erred in taking that decision from a jury of Mr. Erlinger's peers." *Id.* at 835. *Erlinger* adds more credence to the constitutional avoidance argument the court made in *Fields*.

In *Clark*, the Supreme Court stated:

> In other words, when deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail—whether or not those constitutional problems pertain to the particular litigant before the Court.

543 U.S. at 381-82 (footnote omitted). Should this Court believe there is any ambiguity in § 851, it should rely on "the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts," *id.* at 381, and construe the statute in a way that avoids such doubt.

In any event, even if § 851 could be read to unambiguously encompass term-of-imprisonment-related questions and mandate that the court alone independently determine those issues, it is axiomatic that the statute would yield to constitutional requirements. When "it appears that an Act of Congress conflicts with [a constitutional] provision[ ]," a court "ha[s] no choice but to enforce the paramount commands of the Constitution." *Trop v. Dulles*, 356 U.S. 86, 104 (1958) (plurality op.); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178 (1803) ("[T]he constitution, and not such ordinary [legislative] act, must govern the case to which they both apply."); *cf. Dickerson v. United States*, 530 U.S. 428, 437 (2000) ("Congress may not legislatively supersede our decisions interpreting and applying the Constitution."). If the Court accepted the argument that § 851 was inconsistent with the Sixth Amendment, it would be required to apply the Constitution, rather than adhere to an arguably unconstitutional application of Section 851, and have a jury decide the two additional facts required by the First Step Act.

7

A contrary conclusion would be remarkable. In the First Step Act, Congress both decreased the length of the statutory minimum sentences that prior convictions trigger and narrowed the class of convictions that qualify. If § 851 deprived courts of the power to honor the Sixth Amendment, this would suggest that Congress either must forgo a recidivism-based sentencing scheme altogether or is prohibited from enacting a nuanced scheme that takes account of the length and recency of a defendant's sentence for prior drug offenses.

In general, in cases where the government did not charge in the indictment an element that a jury was required to find, and where the jury did not find (or the defendant did not admit) that element, the government is not aware of any statutory or constitutional authority for empaneling a sentencing jury, which could raise serious double jeopardy issues. *See, e.g.*, *United States v. Pena*, 742 F.3d 508, 515-520 (1st Cir. 2014). In such circumstances, the government cannot attempt to convict a defendant of an aggravated offense that was neither charged in the indictment nor found by the jury (or admitted by the defendant) beyond a reasonable doubt. Further, in *Erlinger*, the Court did not suggest the appointment of a sentencing jury to remedy the constitutional violation it found in that case.

However, in this case, the government did charge the prior convictions and the two additional facts in the first, second, and third superseding indictments. (R. Doc. 30; R. Doc. 58; R. Doc. 91.)

In *Ohio v. Johnson*, 467 U.S. 493 (1984), the defendant was indicted on four counts: murder, involuntary manslaughter, aggravated robbery, and grand theft. *Id.* at 495.

8

At his arraignment respondent offered to plead guilty only to the charges of involuntary manslaughter and grand theft, while pleading not guilty to the more serious offenses of murder and aggravated robbery. Over the State's objection, the trial court accepted the guilty pleas and sentenced respondent to a term of imprisonment. App. 19-21. Respondent then moved to dismiss the remaining charges against him on the ground that their further prosecution would violate his right under the Double Jeopardy Clause of the Fifth Amendment not to be placed twice in jeopardy for the same offense. The trial court granted respondent's motion and dismissed the remaining charges, finding that because involuntary manslaughter and grand theft were, respectively, lesser included offenses of the remaining charges of murder and aggravated robbery, continued prosecution of the greater offenses after acceptance of respondent's guilty pleas on the lesser offenses was barred by the Double Jeopardy Clause.

*Id.* at 496.

The Supreme Court held that the double jeopardy clause did not prevent the state from prosecuting the defendant for the greater offenses:

We accept, as we must, the Ohio Supreme Court's determination that the Ohio Legislature did not intend cumulative punishment for the two pairs of crimes involved here. But before respondent can ever be punished for the offenses of murder and aggravated robbery he will first have to be found guilty of those offenses. The trial court's dismissal of these more serious charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict of guilt or innocence on these more serious charges. Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.

*Id.* at 499-500.

Here, the government charged the prior convictions and the two additional facts in the third superseding indictment. The government proposed jury

9

instructions in which the jury determined the elements of the offenses and the two additional facts in the same trial; defendant proposed jury instructions in which the jury determined the two additional facts in the second part of a bifurcated trial. (R. Doc. 88, at 37-38.)  The parties recognized that this Court had ruled that it would determine the two additional facts.  (R. Doc. 87.)

In its pre-*Erlinger* ruling, this Court stated in part:

> And the Eighth Circuit Court of Appeals has rejected the theory that Congress amended Section 841 by implication through the First Step Act.  *See United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) ("[W]hile the [First Step Act] reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute." (citing 21 U.S.C. §§ 802(13), 841(a), 851)).  In short, the plain language of Section 851 remains in effect, and it explicitly states that it is for courts to decide— not juries—whether an offender has a qualifying offense under Section 851.

(R. Doc. 87, at 8-9.)

After *Erlinger*, defendant has requested a jury trial in which the government will have to prove the two additional facts alleged in the third superseding indictment.  The double jeopardy clause does not prohibit this.

## II.  THE FACTS PERTAINING TO ENHANCED PENALTIES WERE ALLEGED IN THE SUPERSEDING INDICTMENTS

As outlined above, in general, in cases where the government did not charge in the indictment an element that a jury was required to find, and where the jury did not find (or the defendant did not admit) that element, the government is not aware of any statutory or constitutional authority for empaneling a sentencing jury. However, in this case, the government charged the prior convictions and the two additional facts in the first, second, and third superseding indictments.  (R. Doc. 30;

R. Doc. 58; R. Doc. 91.)  A jury may determine the two additional facts alleged in the

third superseding indictment.

Respectfully submitted,

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on November 18, 2024.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:  Charles Paul

TIMOTHY T. DUAX
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

11